**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Daniel Casanova

v. Civil No. 12-cv-43-SM

John J. Seusing, et al.

**REPORT AND RECOMMENDATION**

Before the court for preliminary review is a complaint (doc. no. 1) and amendment thereto (doc. no. 5) filed by pro se plaintiff Daniel Casanova. See 28 U.S.C. § 1915A(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A). Because Casanova has failed to allege any cognizable claim, the court recommends that this action be dismissed.

## I. Standard of Review

Pursuant to LR 4.3(d)(2), the magistrate judge reviews the initial filings of all pro se, in forma pauperis plaintiffs, to determine whether to direct that the complaint be served, whether to grant plaintiff leave to amend the complaint, or whether to recommend dismissal of claims for reasons set forth in 28 U.S.C. § 1915A(a). See LR 4.3(d)(2). In conducting that preliminary review, the court construes pro se pleadings

liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states a claim upon which relief may be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). That review requires the court to accept as true the factual allegations and all reasonable inferences drawn therefrom, even if "seemingly incredible," Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), and then to determine whether those allegations "state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," without considering the likelihood of success on the merits. Iqbal, 556 U.S. at 679; see also Ocasio-Hernández, 640 F.3d at 12-13 (explaining limits of court's discretionary review).

## II. Background

On August 26, 2007, Casanova was arrested by the Nashua, New Hampshire Police Department ("Nashua P.D.") on charges of simple assault and possession of a deadly weapon. After conferring with counsel, Casanova agreed to plead guilty to the simple assault charge in exchange for the gun possession charge being dropped. On April 4, 2008, when Casanova went to court to enter his plea, three new charges of sexual assault were lodged against him. Rather than being released that day, as Casanova had anticipated, he was returned to jail, where he stayed until finally being released on July 16, 2009.

Casanova contends that the August 2007 charges against him were the result of false statements given by a woman who was the actual owner of the gun. Casanova further claims that this woman is also the mother of the three girls who were the alleged victims of the sexual assaults, and that they all lied about the alleged sexual assaults. Casanova proffers that the mother "was scared and so that's why she set him up for the alleged sexual assault case," because she wanted the police to keep him in jail. Casanova states that he was never brought to trial, or even to court, on the charges.

He now asserts a single claim for false arrest and imprisonment, and he seeks "redress" for the resulting damages. Casanova does not indicate what form such relief should take.[1]

III. Discussion

Casanova brings this action under 42 U.S.C. § 1983, which allows private individuals to bring civil actions to redress violations of their constitutional rights. See Harron v. Town of Franklin, 660 F.3d 531, 535 (1st Cir. 2011). The statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. To state a claim under § 1983, Casanova must allege "both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued." Harron, 660 F.3d at 535. Casanova's complaint fails to satisfy either element of a § 1983 claim.

[1]Although Casanova asserts that he was released on July 16, 2009, the complaint indicates that he is currently incarcerated, as a sentenced inmate, at the state's Northern Correctional Facility in Berlin, New Hampshire.

A. State Action

Nothing in the complaint can be understood as asserting that state action caused Casanova's alleged false arrest and imprisonment. The complaint asserts that a woman lied to the police both about Casanova's ownership of the gun and sexual assault of her daughters. The complaint further contends that the daughters also lied, and that the mother "set up" Casanova because she was scared of him. The complaint does not allege, or in any way suggest, that the Nashua P.D. knew, at the time of Casanova's arrest, that the woman and her daughters had lied about either the assaults or gun possession. And although the complaint states that Casanova once asked his attorney to investigate whether the Nashua P.D. "was lying," that fleeting remark cannot be understood as alleging a plausible claim that the Nashua P.D. knew the women had fabricated the assault charges against him. See Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595-96 (1st Cir. 2011) (allowing early dismissal where claim is based on "threadbare factual allegation bear[ing] insignia of its speculative character"). Accepting as true the falsity of the underlying allegations against Casanova, his injury was caused by the woman and her daughters, acting on their own behalf, not by any state action. See Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4-5 (1st Cir.

2005) (explaining tests used to assess whether private party acted under color of law).

B. Deprivation of Federal Right

Even assuming the complaint did allege that state action caused the injuries complained of, Casanova has failed to state a claim for the deprivation of a federally protected right. Casanova explicitly asserts a false imprisonment claim, but has failed to allege that he was arrested and detained without probable cause or any legal process. See Wallace v. Kato, 549 U.S. 384, 388-89 (2007) (explaining how false arrest is a form of false imprisonment with both involving confinement of person without legal process); Harrington v. City of Nashua, 610 F.3d 24, 29 (1st Cir. 2010) (distinguishing false imprisonment from malicious prosecution). The complaint gives rise to the reasonable inference that both the August 2007 arrest and the April 2008 charges were effected following standard legal processes. His claim for false imprisonment, therefore, fails.

Generously construing the complaint in Casanova's favor, he may instead intend to assert a claim for malicious prosecution, but that claim also fails. Malicious prosecution results in "detention accompanied, not by absence of legal process, but by wrongful institution of legal process." Harrington, 610 F.3d at 29 (citing Wallace, 549 U.S. at 390 (emphasis in original)). To

state a claim for malicious prosecution, Casanova must allege that he was subjected to a legal proceeding, instituted by defendants, without probable cause and with malice, which terminated in his favor. See Meehan v. Town of Plymouth, 167 F.3d 85, 88-89 (1st Cir. 1999) (defining Fourth Amendment malicious prosecution claim). Casanova does not contend that the Nashua P.D. lacked probable cause to bring the charges against him, and yet maliciously did so. The complaint also does not indicate that the criminal proceedings terminated in Casanova's favor. To the contrary, Casanova admits that he pled guilty to the August 2007 assault charge. The complaint provides no explanation of what happened with the April 2008 sexual assault charges other than that Casanova never went to court on them. The complaint, therefore, does not allege sufficient facts to state a claim for malicious prosecution.

In sum, Casanova's § 1983 claim fails, because he has not adequately alleged a deprivation of a federal right by someone acting under color of state law. See Harron, 660 F.3d at 535.

**Conclusion**

For the reasons set forth above, the court recommends that the complaint (doc. no. 1) be dismissed. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure

to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

Landya McCafferty
United States Magistrate Judge

June 5, 2012

cc: Daniel Casanova, pro se

LBM:jkc